The **FIDELITY & CASUALTY COMPANY OF NEW YORK,** Appellant,

v.

**BURTS BROTHERS, INC.,** et al., Appellees.

No. 01–87–00270–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1987.

Rehearing Denied Jan. 14, 1988.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

David H. Burrow, Melinda L. Wesner, Robert E. Ray, Burrow & Williams, Bradley M. Bingham, Nelson & Bingham, Houston, for appellees.

Before JACK SMITH, LEVY and HOYT, JJ.

JACK SMITH, Justice.

This is a suit to resolve coverage under an aircraft liability insurance policy. The Fidelity & Casualty Company of New York ("Fidelity") brought a declaratory action seeking to determine whether under its policy Fidelity had a duty to defend and indemnify Burt Brothers, Inc. and the Estate of Edwin M. Burts ("the insureds") in a wrongful death case arising out of a helicopter crash. The insurance policy contained an exclusion clause that provided that the policy did not apply if the pilot in command of the helicopter did not meet certain qualifications as to ratings and flight experience, and the pilot, Edwin M. Burts, undisputably did not meet these requirements.

Both Fidelity and the insureds filed motions for summary judgments. The trial court granted summary judgment in favor of the insureds, holding that the insurance policy, when viewed as a whole, was ambiguous and would be construed to provide coverage. In seven points of error, Fidelity contends that the trial court erred in granting summary judgment for the insureds because: (1) the insurance policy was not ambiguous; (2) a lack of causation between the breach of the pilot's clause and the accident was not established as a matter of law; and (3) fact issues as to fraud in the inducement were raised by Fidelity. Fidelity requests this Court to reverse the summary judgment granted for the insureds and render summary judgment for Fidelity.

On December 23, 1982, the helicopter insured under the policy crashed while in flight about 15 miles from San Antonio, Texas. Edwin M. Burts, one of the named insureds under the policy, was the pilot in command at the time of the crash. Burts and two passengers were killed in the crash. In a related unpublished wrongful death action styled *Kimberly Davis, Administratrix of the Estate of Edwin Burts v. Julia Stallones, et al.*, No. 01–87–00095–CV (Tex.App.—Houston [1st Dist.], Dec. 3, 1987) [Available on WESTLAW, 1987 WL 25547], brought by the heirs and personal representatives of the passengers, this Court affirmed a jury finding that Edwin M. Burts was negligent in failing to receive ATC clearance, failing to obtain weather reports, failing to control the helicopter, flying in the existing weather conditions, and in planning fuel requirements. The jury found that each was a proximate cause of the crash, and awarded the heirs a 1.8 million dollar judgment.

In its first point of error, Fidelity contends that the trial court erred in refusing to grant its summary judgment motion because Burts did not meet the qualifications and ratings set forth in the "Pilot Warranty" clause, and because inflight error was a proximate cause of the crash.

The insurance policy provided liability insurance for sums that the insureds became legally obligated to pay as damages for bodily injury, including death of a passenger, "caused by an occurrence and arising out of the ownership, maintenance or use of" the insured aircraft. The named insureds under the policy were Burts Brothers, Inc., Leonard E. Burts, and Edwin M. Burts. The controversial "Pilot Warranty" clause provided:

7. PILOTS. The policy shall not apply while the aircraft is in flight unless the pilot in command HOLDS A CURRENTLY EFFECTIVE PILOT CERTIFICATE AND RATING(S) ISSUED BY THE FEDERAL AVIATION ADMINISTRATION DESIGNATING HIM A COMMERCIAL (OR BETTER) PILOT WITH ROTORCRAFT CATEGORY AND FURTHER PROVIDED HE HAS A WRITTEN LOG INDICATING HE HAS FLOWN A MINIMUM OF 2000 TOTAL HOURS AS PILOT IN COMMAND IN HELICOPTER INCLUDING AT LEAST 1000 HOURS IN TURBINE POWERED HELICOPTER OF WHICH NOT LESS THAN 200 HOURS HAVE BEEN IN BELL 206 MODEL AIRCRAFT AND SEE ENDORSEMENT NO. 5.

Endorsement 5, referred to in the clause, reads as follows:

It is agreed that Item 7 of the Declarations—PILOTS—is extended to include the following:

Jerry McBeth is a commercial (or better) pilot with rotorcraft category and further provided he has a written log indicating he has flown a minimum of 2000 total hours as pilot in command in helicopter including at least 1000 hours in turbine powered helicopter of which not less than 100 hours have been in Bell 206 model aircraft.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

(Emphasis in original.)

At the time of the crash, Edwin M. Burts was licensed only as a private pilot, and had accumulated only "approximately 200 hours flying time."

In their response to Fidelity's motion for summary judgment, the insureds contended that Edwin M. Burts was a named insured and that the exclusion relating to a required number of pilot hours applied only to pilots who were not actual named insureds. Because specific pilot restrictions were placed on another non-named insured, Jerry McBeth, the insureds contend that no restrictions were placed on Edwin M. Burts. Alternatively, the insureds argue that the policy was ambiguous, therefore, coverage should be granted to the insureds as a matter of law. *See Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344 (Tex.1976).

Ambiguity was the basis on which summary judgment was ultimately granted; and in points of error two and three, Fidelity contends the trial court erred in granting the summary judgment because the policy was not ambiguous.

Whether ambiguity in an insurance contract exists is a question of law for the trial court's determination. *Brown v. Payne*, 142 Tex. 102, 176 S.W.2d 306 (1943); *International Investors Life Ins. Co. v. Utrecht*, 536 S.W.2d 397 (Tex.Civ.App.—Dallas 1976, no writ). An ambiguity in the terms of an insurance contract occurs when the language is subject to two or more inconsistent interpretations, both of which are fair and reasonable. *Entzminger v. Provident Life & Accident Ins. Co.*, 652 S.W.2d 533, 535 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Cabell v. World Serv.*

*Life Ins. Co.*, 599 S.W.2d 652, 654 (Tex.Civ. App.—Texarkana 1980, writ ref'd n.r.e.). When the language in question is susceptible of only one reasonable interpretation, the rules of construction, such as construing the policy in favor of the insureds in order to avoid exclusion of coverage, do not apply. *See Puckett v. United States Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984); *Ranger Ins. Co. v. Bowie*, 574 S.W.2d 540, 542 (Tex.1978). Moreover, where no ambiguity exists, parol evidence is not admissible to create an ambiguity. *Eggert v. American Standard Life Ins. Co.*, 404 S.W.2d 99, 104 (Tex.Civ.App.—Corpus Christi 1966, no writ).

The policy in the present case was not ambiguous. It expressly stated that it did not apply *unless* the pilot met the qualifications and the ratings. The separate endorsement for Jerry McBeth reduced those qualifications and ratings only as to McBeth. Under the insured's interpretation of the policy, all of the named insureds would be covered by the policy if they piloted the aircraft, regardless of whether they possessed any type of pilot's license. In view of the express language of the policy, we find this to be an unreasonable interpretation.

We conclude that the policy is subject to only one reasonable interpretation: the policy does not afford coverage unless the pilot has the qualifications and ratings set out in Item 7 of the policy.

■ However, in order to establish its entitlement to a summary judgment, Fidelity is also required to show a causal connection between the breach of the pilot's clause and the resulting crash. *See Puckett v. United States Fire Ins. Co.*, 678 S.W.2d at 938. In granting summary judgment for the insureds, the trial court found as a matter of law that "the crash in question was covered by plaintiff's insurance policy" because in the wrongful death action the jury found that "Burt's acts of [pre-flight] negligence in failing to obtain weather forecasts and planning fuel requirements were the proximate cause of the crash."

■ Causation is established if the breach is "either the sole or one of several causes of the accident." *Puckett*, 678 S.W. 2d at 938. In the wrongful death action, a suit filed by third parties against the appellees, the jury findings establish that at least two causes of in-flight, along with pre-flight, negligence were a proximate cause of the crash. Specifically, the jury found that Edwin Burts was negligent in flying in existing weather conditions and in failing to control the helicopter.

Fidelity contends that such "in-flight" negligence establishes the causal connection because the pilot's clause contained the limiting language, "while the aircraft is in flight." We conclude, however, that this only raises a fact issue that must be resolved by a trier of fact. Whether such "in-flight" error was a result of Burts' failure to obtain a commercial license or possess the required flight hours is not conclusively established as a matter of law. *See Horne v. Charter Nat'l Ins.*, 614 S.W. 2d 182, 185 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.) (holding that fact issue of whether pilot's lack of 200 hours contributed to the crash precluded summary judgment).

Because there are fact issues as to causation, the trial court correctly refused to grant appellant's motion for summary judgment.

Point of error one is overruled.

We also conclude that the trial court erred in granting summary judgment for the insureds on the basis that the policy was ambiguous.

Points of error two and three are sustained.

In its fourth and fifth points of error, Fidelity contends that the trial court erred in holding that only acts of "pre-flight" negligence caused the accident and holding that a lack of causation was established as a matter of law where the issue of causation was not expressly raised as a ground in the insureds' motion for summary judgment. We agree. A moving party is entitled to summary judgment only on those grounds "expressly set out in the motion...." *See* Tex.R.Civ.P. 166–A. Although the issue of lack of causation was held to be established as a matter of law in the trial court's judgment, it was not a ground asserted by the insureds in their motion for summary judgment.

Moreover, the evidence also revealed, contrary to recitations in the summary judgment, that at least two causes of in-flight negligence proximately caused the accident. Therefore, even assuming that the issue of causation was expressly presented to the trial court by the insureds' response to Fidelity's motion for summary judgment, the lack of causation was not established as a matter of law.

Points of error four and five are sustained.

In point of error six, Fidelity urges that the trial court erred in basing summary judgment on an estoppel theory. Nothing in the trial court's judgment indicates that the summary judgment was granted on this ground.

Point of error six is overruled.

In its seventh point of error, Fidelity also contends that fact issues of fraud in the inception of the policy precluded the granting of the summary judgment for the insureds. The insureds also raise this issue by their claim that the policy was ambiguous in that the provisions did not comport with what they desired as to coverage or what they were told by the insurance agents.

■ Ordinarily, such testimony cannot be allowed to contradict the clearly stated intention of the parties shown in the contract. *Huddleston v. Fergeson*, 564 S.W. 2d 448, 452 (Tex.Civ.App.—Amarillo 1978, no writ). However, such testimony is admissible when fraud in the inducement is alleged.

Leonard Burts' affidavit stated that the insurance agent represented that the policy would provide coverage when Edwin M. Burts piloted the aircraft. He also claimed that the exlusion regarding hours and licensing was represented as applying to pilots other than Burts.

Fidelity also attached affidavits to its response to the insured's motion for summary judgment. Although the insureds contend that these affidavits were untimely

filed, we find that they were properly filed in accordance with the Texas Rules of Civil Procedure. The response and attached affidavits were filed on August 8, 1986. The record shows that the hearing was set on August 18, 1986. Tex.R.Civ.P. 166–A(c) requires that "an adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response." Because the affidavits were filed within 10 days of the hearing, they were timely filed.

However, the insureds also objected that the affidavits contained hearsay. An affidavit must be based on personal knowledge and must contain facts that would be "admissible in evidence" at a conventional trial. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); Tex.R.Civ.P. 166–A(e). An affidavit cannot be based on hearsay. *Jackson T. Fulgham Co. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 130 (Tex.App.— Dallas 1983, writ ref'd n.r.e.). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex.R.Evid. 801(d).

The affidavits by the insurance agents, Elkins and Nichols, contain statements based on their own personal discussions with the insureds, but also contain statements as to what each related to the other:

> The only information given by the Burts brothers to either myself or Mr. Nichols was that two (2) local professional pilots, Mr. Robin Simpson and Mr. Jerry McBeth, would be the only two pilots flying this helicopter. I specifically asked Edwin Burts if he would be flying the helicopter and was assured that neither Mr. Leonard Burts or Mr. Edwin Burts would be flying the aircraft.

The statements in the affidavit that are other than the affiant's personal knowledge are hearsay. However, when the portions of the affidavits containing hearsay are not considered, sufficient factual information remains, raising a fact question as to fraud.

Moreover, Fidelity did not waive its rights to urge fraud by defending the insureds in the liability action. Fidelity investigated the matter only after a non-waiver agreement was signed and acknowledged by the insureds, and defended the suit only after it was ordered to do so by the trial court.

Point of error seven is sustained.

The question of the duty to defend the insureds depends upon the final determination of whether there was coverage of the insureds under the terms of the policy. Until the issue of coverage is determined, we cannot address the issue of duty to defend.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.