**Velma COURTNEY, Appellant,**

v.

**NIBCO, INC., Appellee.**

No. 12–03–00321–CV.

Court of Appeals of Texas, Tyler.

Nov. 10, 2004.

---

Charles R. Dendy, Lufkin, for appellant.

Travis P. Clardy, Fairchild, Price, Thomas & Haley, L.L.P., Nacogdoches, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Appellant Velma Courtney appeals from the trial court's grant of summary judgment in favor of Nibco, Inc. in her suit for worker's compensation-related retaliatory discharge. In two issues, Courtney claims her summary judgment evidence established that a causal link existed between her compensation claim and her termination and that Nibco had no legitimate reason to terminate her. We affirm.

### BACKGROUND

In July 1991 Courtney went to work for Nibco in its Nacogdoches manufacturing plant on an assembly line. In 1994 and 1995 she missed seven months of work after suffering a disc herniation. In 1997 she reported an on-the-job back injury. In 1998 she experienced pain in her right wrist caused by lifting boxes and was limited to lifting no more than twenty pounds. In 1999 she experienced a low back strain at work, and Nibco assigned her to lighter duties.

Courtney was familiar with what was expected of her as a Nibco employee. She acknowledged that on August 28, 1998, she received the company's employee handbook, which described the disciplinary process for avoidable sub-par performance of duties. On May 22, 2000, Nibco assembly line employees were issued an assembly performance policy that prescribed the following actions to be taken by supervisors for various levels of sub-par performance:

> 10 hours avoidable sub-par performance
> Conference will be Coaching
> 15 hours avoidable sub-par performance
> Conference will be Oral Warning
> 20 hours avoidable sub-par performance
> Conference will be Written Warning
> 25 hours avoidable sub-par performance
> Conference will be Final Warning

> 30 hours avoidable sub-par performance
> Conference will be Termination

On July 20, 2000, Courtney received a coaching session from Nibco management after logging ten hours of avoidable sub-par performance. She then worked until October with no sub-par performance hours. In October she logged 2.08 hours of sub-par performance. Then, in January of 2001, she logged the following hours of sub-par performance:

| | |
|---|---|
| January 18 | 4.94 hours |
| January 19 | 2.47 hours |
| January 20 | 5.25 hours |
| January 23 | 3.43 hours |

Courtney's sub-par performance from October through January was avoidable. When she exceeded 15 hours on January 18, Courtney received an oral warning. On January 19, she exceeded 20 hours and received a written warning. On January 20, she exceeded 25 hours and received a final warning. Then, on January 23, Courtney exceeded 30 hours of sub-par performance, which made her subject to termination. She was terminated on January 25 during a meeting with Larry Duncan ("Duncan"), Nibco's personnel director.

Courtney then filed suit for retaliatory discrimination alleging that she had been terminated from Nibco because she had filed a worker's compensation claim. Nibco filed a traditional motion for summary judgment alleging that Courtney had failed to show a causal link between her worker's compensation claim and her termination. After Courtney filed her response, the trial court granted Nibco's motion. Courtney then filed a timely notice of appeal.

### STANDARD OF REVIEW

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law on

the issues set out in the motion. *See* TEX.R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). A defendant who conclusively negates at least one of the essential elements of the plaintiff's cause of action is entitled to summary judgment. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

We review the trial court's summary judgment de novo. *Knott,* 128 S.W.3d at 215. We take the evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott,* 128 S.W.3d at 216.

### PROPRIETY OF SUMMARY JUDGMENT

In her first issue, Courtney contends that the trial court erred in granting a summary judgment because her summary judgment evidence established a causal link between her worker's compensation claim and her termination by Nibco. In her second issue, she contends that her summary judgment evidence established that Nibco had no legitimate reason to terminate her. Because Courtney alleges the same actions by Nibco in both issues, we will discuss the two issues together.

### Retaliatory Discharge

■ The long-standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 723 (Tex.1990). However, the legislature has created a number of restrictions and exceptions to

this at-will doctrine. *Id.* at 724 & n. 1. One of these exceptions is that a person may not discharge or discriminate against an employee who files a worker's compensation claim in good faith. *See* TEX. LAB. CODE ANN. § 451.001 (Vernon 1996).

When an employee alleges that she was terminated in retaliation for filing a worker's compensation claim, she must show that (1) she filed a worker's compensation claim in good faith and that (2) a causal link exists between the termination and the filing of the claim. TEX. LAB.CODE ANN. § 451.001; *Benners v. Blanks Color Imaging, Inc.,* 133 S.W.3d 364, 369 (Tex.App.-Dallas 2004, no pet.) (citing *Garcia v. Allen,* 28 S.W.3d 587, 600 (Tex.App.-Corpus Christi 2000, pet. denied)); *see also* TEX. LAB.CODE ANN. § 451.002(c) (Vernon 1996) (providing that employee has burden of proof). The issues Courtney raises in this appeal relate to the second element: the causal link.

■ To establish a causal link between termination and filing a worker's compensation claim, an employee need not show she was fired solely because she filed the claim. *Lee v. Haynes & Boone, L.L.P.,* 129 S.W.3d 192, 196 (Tex.App.-Dallas 2004, pet. denied). Rather, she must show that "but for" the filing of the claim, the discharge would not have occurred when it did. *Id.* Circumstantial evidence, and the reasonable inferences from such evidence, can prove the causal link. *Continental Coffee Prods. v. Cazarez,* 937 S.W.2d 444, 451 (Tex.1996). Once the employee has established the causal link, the employer bears the burden to rebut the alleged improper termination by showing there was a legitimate reason behind it. *Id.* Thereafter, in order to survive a motion for summary judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *McIntyre v. Lockheed Corp.,* 970

S.W.2d 695, 697 (Tex.App.Fort Worth 1998, no pet.).

■ Circumstantial evidence sufficient to establish a causal link between termination and filing a worker's compensation claim includes 1) knowledge of the compensation claim by those making the decision on termination; 2) expression of a negative attitude toward the employee's injured condition; 3) failure to adhere to established company policies; 4) discriminatory treatment in comparison to similarly situated employees; and 5) evidence that the stated reason for the discharge was false. *Cazarez*, 937 S.W.2d at 451. Courtney asserts that she produced circumstantial evidence to establish each of these five factors. Therefore, we examine Courtney's evidence relating to each factor.

### Knowledge of Compensation Claim

■ Courtney alleged that Duncan knew of her worker's compensation claim when he discharged her. Duncan admitted he knew of the claim at the time he terminated Courtney, but stated that the sole reason for her termination was her thirty hours of sub-par performance. Mere knowledge of a worker's compensation claim does not establish a causal link between the alleged discriminatory behavior and the filing of a claim, but is only one factor to be considered in the light of the record as a whole. *See Lone Star Steel Co. v. Hatten,* 104 S.W.3d 323, 327–28 (Tex.App.-Texarkana 2003, no pet.).

### Expression of Negative Attitude

Courtney stated in her summary judgment evidence that "they [Nibco] had an attitude problem. You can tell when somebody's attitude change[s] towards you. It was like they had ill will or they had spite in their hearts or dislike.... It was there from day one when I started

filing workman comp claims." However, Courtney failed to identify any actions expressing a negative attitude that were directed toward her by any specific Nibco manager. Therefore, her statements can only be characterized as her subjective belief. Subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *Tex. Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994).

### Breach of Company Policy

Courtney alleges that she was terminated for failing to meet a production quota for the valve assembly line and points out the production quota for the valve assembly line was not in writing. However, she did not produce any summary judgment evidence to show that written production quotas were required for employees working on the valve assembly line.

### Discriminatory Treatment

Courtney averred that she was not given the same amount of time to learn a new position as other employees had been given, that Nibco did not consider her work restrictions in setting her quota, and that she was terminated for failing to meet a quota although no other employee had ever been terminated for that reason.

■ In her summary judgment evidence, Courtney described her training, but did not specify the training that any of the other Nibco employees had received. Further, she did not specify how she knew that other employees had been given ninety days to learn how to assemble valves. These are conclusionary statements because she did not provide the underlying facts to support her conclusions. *See Chaney v. Corona,* 103 S.W.3d 608, 611 (Tex. App.-San Antonio 2003, pet. denied). A conclusionary statement is not sufficient to raise a fact issue in a summary judgment

proceeding. *See Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex.1996).

The summary judgment evidence also showed that Nibco followed the restrictions on Courtney's work activities as prescribed by her physician Bill Mathias. Specifically, the evidence showed that Dr. Mathias had seen Courtney on October 19, 2000 regarding a problem she was having with her right arm. The evidence also showed that Dr. Mathias visited Courtney's work site and determined that her valve assembly job did not violate her work restrictions. Finally, Duncan testified in his deposition that no other employee had ever been terminated for failing to meet a quota. However, Courtney produced no summary judgment evidence showing that any other employee had ever failed to meet a quota. In short, Courtney produced no summary judgment evidence to support her allegation of discriminatory treatment.

### False Reason for Discharge

Courtney stated in her summary judgment evidence that she had been told by Larry Burg, who had been told by Nibco supervisor Ronnie Johnson, that the company had been unfair in terminating her because management knew she was hurting and they had not given her time to learn the valve assembly process. Nibco maintains that this is hearsay and is therefore improper summary judgment evidence.

■ Hearsay is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex.R. Evid. 801(d). Summary judgment evidence must be based on personal knowledge and must contain facts that would be "admissible in evidence" at a conventional trial. *See Fidelity & Casualty Co. of New York v. Burts Brothers, Inc.,* 744 S.W.2d 219, 224 (Tex.App.-Houston [1st Dist.] 1987, writ denied). Burg's statement to Courtney about what the Nibco supervisor allegedly said was hearsay and therefore not competent summary judgment evidence. *See id.* Moreover, Burg's statement, even if not hearsay, does not support Courtney's position because Burg neither stated nor implied that Courtney had been terminated for a reason other than her sub-par performance.

### Conclusion

Based upon our review of the summary judgment evidence, we hold that Courtney failed to meet her burden of proof to establish a causal link between her termination and filing her worker's compensation claim. Therefore, Nibco was entitled to summary judgment because it negated one of the essential elements of Courtney's claims. Courtney's first and second issues are overruled. Having overruled both of Courtney's issues, we *affirm* the judgment of the trial court.