NO. 12-02-00373-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MARIA MEDINA,                                              §                APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

ARAMARK SERVICES, INC.,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                             
MEMORANDUM OPINION
            Maria Medina appeals from a partial summary judgment entered in favor of Aramark
Services, Inc. in her suit against her former employer for alleged violations of the Texas Labor Code. 
In eight issues, Medina urges reversal of the summary judgment. We affirm.
 
Background
            Medina began working for Aramark on August 20, 1998. While on the job, she strained her
right wrist on July 13, 1999. A Texas Workers’ Compensation Claim injury report was filled out the
following day. On October 26, 1999, Medina strained her lower abdomen while on the job. A Texas
Workers’ Compensation Claim injury report was filled out the same day. She again injured her right
wrist on the job on November 22, 1999 and an injury report was filled out. It is this injury that is the
subject of this suit. On that date, she was allegedly told by Maria Ramirez, her supervisor, that she
would be fired if she saw a doctor about the injury. Although she was in pain, she did not consult
a doctor. Because of the injury, Medina was unable to “make production” during her normal working
hours. Therefore, between February and October 2000, she worked off the clock in the mornings
before her shift began and during her lunch break. 
            On October 13, 2000, Robert Eicks, Aramark’s risk manager, notified Medina that he had just
been informed of her injury and explained that Aramark’s workers’ compensation claims
administrator had been notified and would begin assessment of her claim immediately. The
following day she was given authorization for treatment. On October 16, Medina was examined by
a doctor. She eventually underwent surgery on her wrist. She was absent from work from
December 11, 2000 until January 17, 2001 and again from April 18, 2001 until her termination on
September 14, 2001. The stated reason for her termination was violation of the company’s absentee
policy.
            Shortly thereafter, Medina filed suit against her former employer alleging violations of
Section 451.001 of the Texas Labor Code and Title 29, Sections 206 and 207, of the federal Fair
Labor Standards Act. Aramark agreed to pay Medina $3,790.80 in settlement of the claim arising
under the Fair Labor Standards Act and that claim was dismissed. The trial court granted Aramark’s
motion for summary judgment and dismissed Medina’s Section 451.001 claim.
 
Applicable Law
            To obtain a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true. Nixon v. Mr. Prop. Mgmt Co., 690
S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Id. Summary judgment for a defendant is proper
when the summary judgment evidence negates an essential element of the plaintiff’s cause of action
as a matter of law or conclusively establishes all elements of an affirmative defense as a matter of
law. See Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). A matter is conclusively
established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. 
Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982). 
Once the defendant produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the nonmovant to produce controverting evidence raising a fact issue as to the
elements negated. Torres v. Western Cas. & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Owen Elec.
Supply, Inc. v. Brite Day Constr. Inc., 821 S.W.2d 283, 286 (Tex. App–Houston [1st Dist.] 1991,
writ denied).
            When the order granting summary judgment does not specify the particular grounds the trial
court sustained, on appeal, the summary judgment opponent must defeat each summary judgment
ground argued by the movant. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, an
appellate court must uphold the summary judgment on any ground that is supported by the evidence
and pleadings. Id.
            Section 451.001 of the Labor Code provides that a person may not discharge or in any other
manner discriminate against an employee because the employee has filed a workers’ compensation
claim in good faith. Tex. Lab. Code Ann. § 451.001 (Vernon 1996). The Workers’ Compensation
Act is to be liberally construed in favor of the legislative intent to protect workers’ compensation
claimants. Castro v. U.S. Natural Res., Inc., 880 S.W.2d 62, 65 (Tex. App.–San Antonio 1994, writ
denied). Discrimination is an independent, alternative ground of recovery under the Act. Id.
 
Motion for Summary Judgment
            In the statement of facts section of the motion, Aramark states that “[t]his lawsuit involves
a workers’ compensation retaliatory discharge claim against Aramark.” After generally setting out
the facts relating to Medina’s injury and the dates of her absences, Aramark states that Medina was
absent from work for more than 180 days in violation of Aramark Policy No. 60-1. That policy
provides that after 180 days of leave in any one-year period, the employee will be terminated. 
Aramark asserts in its motion that Medina was terminated pursuant to Aramark’s absence-control
policy. In the argument section of the motion, Aramark asserts that Medina’s Section 451.001
retaliation claim must fail because there is no causal nexus between the filing of the workers’
compensation claim and the discharge, Aramark has demonstrated a legitimate reason for the
discharge, and Medina has no evidence of a retaliatory motive for the discharge. In the conclusion,
Aramark restates that same argument, claiming to have shown a legitimate reason for the discharge.
            In support of its motion, Aramark included affidavits of Alexander Ur and Lea Beaumont and
deposition testimony of Medina and Mary Ramirez. Ur, Senior Director of Employment Practices
for Aramark, recited the text of Policy No. 60-1, and explained that it is an absence-control policy
that uniformly applies to all employees. He further explained that Medina was terminated pursuant
to this policy and not for any retaliatory purpose related to her pursuit of a workers’ compensation
claim. Ur also identified two other former employees who had been terminated for violation of this
policy after being absent for non-work-related injuries.
            Lea Beaumont stated in her affidavit that she is responsible for payroll and personnel for the
Tyler Aramark facility. She explained that Policy No. 60-1 is an absence-control policy. She stated
that Medina informed her of her injury on November 22, 1999 and Beaumont filled out a report. On
October 13, 2000, she was informed that Medina wanted to seek medical attention for that injury. 
For that reason, she completed another report regarding the same injury. Beaumont explained that
Medina was terminated for violating Aramark’s uniformly enforced absence-control policy. She
provided information regarding two former employees who had been terminated for the same reason.
            Aramark presented one question and one answer from Medina’s deposition. She answered
“yes” when asked if she had missed 180 days from work. By deposition, Mary Ramirez testified that
Medina said she did not want to go to the doctor “right there and then,” that she would wait. Medina
said “we” told her to go, but she did not want to go to a doctor.
 
Medina’s Response to Motion for Summary Judgment
            In her response, Medina first asserted the motion must fail because Aramark did not address
her discrimination claim. She explained her position and then suggested several questions of fact for
the judge. Most notably she asserted that there is a question of fact regarding whether the filing of
her workers’ compensation claim was a determining factor in her termination or the discrimination
against her. In support of the response, Medina attached several exhibits, four of which were later
stricken. She later filed a supplemental response and one additional exhibit.
 
Discussion
            In her first issue, Medina asserts that the trial court erred in granting the summary judgment
because a question of fact exists as to whether she was discriminated against for filing a workers’
compensation claim in violation of Labor Code Section 451.001. She argues that termination and
discrimination are independent grounds under Section 451.001, both prohibited by that section and
both pleaded in her petition. Medina contends that Aramark’s motion for summary judgment
addressed only termination. She argues that Aramark did not present any evidence on the issue of
discrimination or attempt to refute the fact that Medina was discriminated against for filing a
workers’ compensation claim. Finally, Medina asserts that the trial court’s order granting Aramark’s
motion for summary judgment specifically did so on the basis that Medina was discharged for
violating the company absentee policy, thereby addressing only the termination claim.
            In a related argument, Medina asserts in her second issue that the trial court erred in rendering
an order dismissing the Section 451.001 claim in its entirety. She argues that the motion did not
address the discrimination claim and the trial court specified that its decision was based on issues
concerning her discharge. Therefore, while the order stated that her Section 451.001 claim was
dismissed, Medina asserts that it did not properly address her discrimination claim. 
            In response, Aramark assumes Medina’s pleadings preserved separate claims for retaliatory
discharge and discrimination occurring before her discharge, but asserts its motion addressed all of
Medina’s claims, including the issue of pre-discharge retaliatory discrimination. It points to the
statement under the heading “Grounds for Summary Judgment” that Medina had “failed to state a
claim under Tex. Labor Code § 451.” Aramark contends this statement refers to any claim under
Chapter 451, including the allegation of pre-discharge discrimination. It further states that Medina
never alleged in the trial court that the summary judgment grounds failed to address her entire case. 
Aramark then goes on to address the merits of Medina’s discrimination claim. It argues that
Medina’s factual allegations do not approach the threshold for an actionable claim and fail to raise
a fact issue.
            A summary judgment may be upheld on appeal on only those grounds expressly set out in the
motion for summary judgment. Tex. R. Civ. P. 166a(c). Grounds may be stated concisely, without
detail and argument. But they must be at least listed in the motion. McConnell v. Southside Ind.
Sch. Dist., 858 S.W.2d 337, 340 (Tex. 1993). This has been interpreted to mean that when one
argues that a claim is not cognizable under a particular statute, this is sufficient to challenge whether
a claim has been stated under that statute. Abbott Lab. v. Segura, 907 S.W.2d 503, 508 (Tex. 1995)
(Cornyn, J., concurring).
            Here, Aramark clearly stated in its list of grounds for summary judgment that Medina had
“failed to state a claim under Tex. Labor Code § 451.” We conclude that this is sufficient under the
above authorities to place the issue of discrimination before the trial court. We shall address the
remainder of Medina’s arguments under these two issues in conjunction with her fifth issue.
            In her fifth issue, Medina asserts the trial court erred in granting the summary judgment
because there are fact questions regarding her termination. She argues that the evidence establishes
a causal connection between her workers’ compensation claim and her discharge from Aramark. For
this argument, she relies on her affidavit in which she stated that her supervisor told her she would
be terminated if she filed a workers’ compensation claim. She also points to the facts that she filed
the claim and she was terminated. She argues that this evidence raises questions of whether her claim
was a determining factor in her termination and whether Aramark had a retaliatory intent.
            In pursuing a claim under Section 451.001, Medina had the burden of establishing a causal
connection between the filing of a workers’ compensation claim and her discharge or other adverse
action taken by Aramark. See Fenley v. Mrs. Baird’s Bakeries, Inc., 59 S.W.3d 314, 319 (Tex.
App.–Texarkana 2001, pet. denied). Therefore, we consider whether Aramark presented sufficient
summary judgment evidence negating this element. If it did, it will have shown itself entitled to
summary judgment as a matter of law. See Black, 797 S.W.2d at 27; Stephens v. Delhi Gas Pipeline
Corp., 924 S.W.2d 765, 772 (Tex. App.–Texarkana 1996, writ denied). 
            Aramark presented as evidence affidavits of administrative personnel Alexander Ur and Lea
Beaumont. Both explained the absence-control policy, which states that an employee will be
terminated after 180 absences in one year, and that Medina was terminated for violating that policy. 
They also identified two other former employees who had not filed workers’ compensation claims
and had been terminated for violating the absence-control policy. They also presented Medina’s
deposition testimony that she had missed 180 days from work. Such evidence has been held
sufficient in a motion for summary judgment to establish a valid nondiscriminatory motive for
terminating an employee. Texas Div.-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994);
Fenley, 59 S.W.3d at 321; Terry v. Southern Floral Co., 927 S.W.2d 254, 258 (Tex. App.–Houston
[1st Dist.] 1996, no writ). An employee’s discharge resulting from an employer’s uniform
application of a reasonable absence-control policy does not constitute a retaliatory discharge. 
Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996). Aramark presented
evidence showing its entitlement to judgment as a matter of law causing the burden to shift to Medina
to present evidence of a fact question regarding a causal link between her termination or any alleged
discrimination and her workers’ compensation claim. See Torres, 457 S.W.2d at 52; Fenley, 59
S.W.3d at 323.
            In her brief, Medina asserts that there is a causal connection between her termination and her
workers’ compensation claim. She contends that Aramark expressed a negative attitude toward her,
failed to adhere to established company policies, treated her in a discriminatory manner in
comparison to similarly situated employees, and gave a false reason for the discharge. She claims
she was discriminated against when Ramirez would not allow her to see a doctor, when Ramirez
yelled at her, and when Aramark caused her to work off the clock. Additionally, she asserts that,
contrary to Aramark’s explanations, the Tyler facility played a role in her termination. She further
argues that the absence-control policy is not neutral or uniformly applied. She relies on her own
affidavit and that of fellow worker Janice Vicks, combined with “the other evidence,” to prove
retaliatory intent. She contends this evidence raises a fact question as to whether her workers’
compensation claim was a factor in her termination. 
            In her affidavit, Medina said that, on November 22, 1999, when she told her supervisor, Maria
Ramirez, about her injury, Ramirez told her that if she went to the doctor she would be fired. For the
next few months, Medina repeatedly told Ramirez that her wrist hurt and asked to be transferred to
a different work area. In February 2000, she was transferred but still unable to make production due
to the pain she continued to experience. Therefore, she worked before her scheduled starting time
and during breaks. She said she was treated badly by Ramirez, who “yelled and screamed terrible
things at and about” her. This situation continued until October 2000 when she “was sent” to a
doctor. Between the November 1999 injury and October 2000, she was afraid she would lose her job
if she went to a doctor due to Ramirez’s threat. She observed Ramirez and another supervisor, Maria
Florez, being “mean and ugly” to the employees. She said they were especially bad to employees
who had been injured on the job.
            Janice Vicks, an Aramark employee from 1981 to 2001, stated in her affidavit that she
observed Ramirez being “mean and ugly” to her employees. Ramirez was especially bad to
employees who had been injured on the job. Medina would cry and tell Ramirez she could not do
the work because her hand hurt. She also saw that Medina was moved to work in a different location
that was hot and miserable. She saw Medina work “off the clock.” While employed by Aramark,
Vicks saw many employees get injured, have surgery, and then get terminated.
            Medina’s fear that she would lose her job if she went to the doctor is of no consequence. An
employee’s subjective beliefs are no more than conclusions and do not raise a fact issue precluding
summary judgment in a retaliatory discharge action under the Workers’ Compensation Act. Cazarez,
937 S.W.2d at 452; Courtney v. Nibco, 2004 WL 2565906, at *3 (Tex. App.–Tyler 2004, no pet.).
            One type of circumstantial evidence recognized as supporting a finding of unlawful
discrimination is knowledge of the workers’ compensation claim by those who made the decision to
terminate employment. Fenley, 59 S.W.3d at 323. The evidence shows that supervisors at the Tyler
Aramark facility knew of Medina’s on-the-job injury. Informing the employer of the injury
sufficiently institutes a compensation proceeding within the meaning of the statute. Stephens, 924
S.W.2d at 772. However, Aramark presented evidence that the decision to terminate was made at
the corporate office in California, not by anyone at the Tyler facility. 
            Another type of circumstantial evidence that may support a finding of a discriminatory motive
on the part of the employer is the display by the employer of a “negative attitude” toward the
employee’s injuries and the filing of a claim. Fenley, 59 S.W.3d at 323. Medina’s evidence focused
only on words and actions by Ramirez. Further, Medina presented evidence indicating that, as of
March 13, 2001, Ramirez was no longer employed by Aramark. Medina was terminated six months
later. Clearly, Ramirez was not involved in the decision to terminate Medina. Therefore, any remark
or threat by Ramirez is insufficient to raise a fact question about the reason for Medina’s termination. 
See M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 25 (Tex. 2000) (Stray remarks
not made by anyone directly connected with decisions are not enough to raise a fact question about
whether employer’s reason for terminating employee was pretextual.). 
            Medina’s allegation that Aramark caused her to work off the clock was the subject of a
settlement and therefore need not be considered here. Finally, Aramark identified two other former
employees who had not filed workers’ compensation claims but who had been terminated for
violating the absence control policy. While Medina asserts in her brief that it seems unlikely that
there would be only two individuals in this group if the policy were uniformly applied, her summary
judgment evidence does not raise questions of fact regarding whether the policy was uniformly
applied. Medina has not presented controverting evidence raising a fact question regarding the
causation element of her cause of action. Accordingly, the trial court properly granted Aramark’s
motion for summary judgment. We overrule Medina’s first, second, and fifth issues. 
            In her third issue, Medina asserts the trial court erred in disregarding evidence pertaining to
her discrimination claim. She contends the record is replete with examples of discriminatory acts and
evidence of a hostile work environment and her fear of retaliation, all of which raised a question of
fact. We need not address this issue because, in our review, we have considered all the evidence
properly before the trial court. Tex. R. App. P. 47.1.
 
Policy Manual
            In her fourth issue, Medina contends the “trial court erred when it failed to consider the
unpredictable and inequitable application of [Aramark’s] policy manual.” She makes conclusory
complaints about specific policies and asserts that their application is discriminatory. Medina cites
to no authority and has therefore waived any complaint. Tex. R. App. P. 38.1(h); Tesoro Petroleum
Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.–Houston [1st Dist.] 2002, pet.
denied). We overrule Medina’s fourth issue.
 
Document Production
            In her sixth issue, Medina asserts “the trial court erred because a question of fact exists as to
why certain documents were not produced.” She refers to a “missing” document, which she then sets
out verbatim, and to some employee surveys. She complains of excessively delayed responses to her
requests for addresses and phone numbers for three former employees. She argues that when a party
fails to produce requested evidence under its control and reasonably available to it, and not
reasonably available to the adverse party, the court may infer that the evidence is unfavorable to the
party who could have produced it and did not.
            The law Medina relies on is not applicable. Presumptions and burdens of proof for an
ordinary trial are immaterial and not relevant to the burden that a movant for summary judgment must
bear. Missouri-Kansas-Texas R.R. Co. v. City of Dallas, 623 S.W.2d 296, 298 (Tex. 1981); Evans
v. Conlee, 741 S.W.2d 504, 509 (Tex. App.–Corpus Christi 1987, no writ). We overrule Medina’s
sixth issue.
 
Admissibility of Exhibits
            In her seventh issue, Medina contends the trial court erred when it sustained Aramark’s
objections concerning the admissibility of four exhibits. On August 1, 2002, Medina filed her
response to Aramark’s motion for summary judgment. Several exhibits were attached to the
response. Exhibit E is a United States Department of Labor log of occupational injuries and illnesses
for Aramark employees for June through October 1999 and October through December 2000. 
Medina’s name does not appear on it. Exhibit F-1 is a medical progress report dated October 16,
2000, which recites that Medina was afraid she would lose her job if she saw a doctor. Exhibit G is
Aramark’s authorization for Medina to receive medical treatment, dated October 14, 2000. Exhibit
H is the attending physician’s statement regarding Medina’s injury, dated May 31, 2001. On the day
of the hearing, September 23, 2002, Aramark objected to Medina’s Exhibits E, F-1, G, and H on the
basis of hearsay, complaining that Medina failed to lay the proper predicate. The trial court granted
the summary judgment on the same day. The written order sustaining the objections and striking
those four exhibits is dated October 30, 2002.
            Medina argues the trial court should have allowed her to amend after Aramark’s objections
and that the exhibits were admissible on their own merits. She asserts that Exhibits E, F-1, and G
were produced by Aramark during discovery and, therefore, are self-authenticated pursuant to Rule
of Civil Procedure 193.7. Exhibit H is admissible pursuant to Rule of Evidence 902(10), she argues,
because the affidavit in support of that exhibit had been on file with the trial court since August 20,
2002.
            In its brief on appeal, Aramark does not contradict Medina’s assertion that the documents
contained in Exhibits E, F-1, and G were produced in discovery or that the affidavit in support of
Exhibit H was on file at the time of the summary judgment hearing. It merely argues that the refusal
of the trial court to consider the documents resulted in no harm to Medina. Because Aramark did not
contradict Medina’s assertion of these facts, we accept them as true. See Tex. R. App. P. 38.1(f).
            We review a trial court’s evidentiary rulings for abuse of discretion and reverse only if the
ruling probably caused the rendition of an improper judgment. Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998). For purposes of this appeal, we shall assume the trial
court’s ruling was in error and we will consider whether striking these exhibits caused Medina harm.
            These exhibits provide facts surrounding Medina’s case and help explain the time line. The
Labor Department log indicates that someone at Aramark was remiss in reporting Medina’s injury.
The medical progress report repeats the statement Medina made in her affidavit that she was afraid
she would lose her job if she went to the doctor. Exhibit G, the authorization for treatment, verifies
that Aramark referred Medina to a doctor almost a year after the injury. Exhibit H, the physician’s
statement, shows the dates she saw the doctor and indicates that as of May 31, 2001, the doctor was
unable to say when Medina would be able to return to work. None of the information in these
exhibits raises a fact question as to the causal link between Medina’s workers’ compensation claim
and her termination. Therefore, sustaining Aramark’s objections to this evidence was harmless error. 
See Malone, 972 S.W.2d at 43. We overrule Medina’s seventh issue.
 
Second Supplemental Response
            In her final issue, Medina contends the trial court erred when it denied leave to file her Second
Supplemental Response to the motion for summary judgment, which she filed five days before the
date of the hearing. She argues that the trial court had no discretion to refuse her amended pleading
because the pleading did not contain a new cause of action or defense and Aramark did not
demonstrate it would be unfairly surprised.
              Rule of Civil Procedure 63 governs amendments to pleadings filed before a summary
judgment hearing. Clade v. Larsen, 838 S.W.2d 277, 280 (Tex. App.–Dallas 1992, writ denied). 
Pursuant to that rule, “any pleadings, responses or pleas offered for filing within seven days of the
date of trial . . . shall be filed only after leave of the judge is obtained.” Tex. R. Civ. P. 63. The rule
further states that “leave shall be granted by the judge unless there is a showing that such filing will
operate as a surprise to the opposite party.” Id. The decision to grant or deny leave to file is within
the trial court’s discretion. Hardin v. Hardin, 597 S.W.2d 347, 349 (Tex. 1980). The party resisting
the filing bears the burden to prove to the trial court that the late filing constitutes a surprise. Id. 
However, the burden to prove the trial court erred in refusing to allow a late filing rests on the party
asserting error. Id. 
            In her Second Supplemental Response, Medina complains that Aramark was to provide
information on three former employees and had just recently provided information about one. She
asserts that Lea Beaumont’s affidavit does not properly show that Aramark followed its absence-control policy and contends that it is testimony of an interested witness. She then complains about
Aramark’s response to her request for production of documents asserting that the documents should
have been produced to show that Aramark’s policy was, or was not, evenly applied. She then
requested the court deny Aramark’s motion because there are contested issues of fact.
            Medina provides no explanation as to why she could not have included her arguments
regarding the Beaumont affidavit and the discovery request in an earlier response. The complaint
about the letter from counsel is merely a restatement of the complaint that Aramark did not provide
information requested during discovery, the very subject of an earlier hearing. A trial court does not
abuse its discretion in denying leave to file a document in the absence of diligence. Taiwan Shrimp
Farm Village Ass’n v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 61, 70 (Tex. App.–Corpus
Christi 1996, writ denied). Further, Medina has not shown that the denial affected the judgment
rendered. See Haskell v. Border City Bank, 649 S.W.2d 133, 135 (Tex. App–El Paso 1983, no writ). 
We overrule Medina’s eighth issue.
 
Conclusion
            Medina has raised no reversible error. The record shows that the trial court properly granted
Aramark’s motion for summary judgment. We affirm the trial court’s judgment. 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered December 15, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




(PUBLISH)