Lady LEE, Appellant,

v.

HAYNES & BOONE, L.L.P., Appellee.

No. 05–03–00565–CV.

Court of Appeals of Texas, Dallas.

Feb. 18, 2004.

Rehearing Overruled March 23, 2004.

Lady Lee, Dallas, pro se.

Arlene S. Steinfield, Hughes & Luce, L.L.P., Ben Mesches, Haynes and Boone L.L.P., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion By Justice WRIGHT.

Lady Lee appeals the take-nothing summary judgment granted in favor of Haynes & Boone, L.L.P. After Haynes & Boone terminated Lee's employment, Lee sued Haynes & Boone alleging she was terminated in retaliation for filing a workers' compensation claim. Generally, Lee complains the trial court erred by (1) granting Haynes & Boone's motion for summary judgment; (2) denying her motion for summary judgment; and (3) exhibiting prejudice toward Lee's case. We overrule Lee's issues and affirm the trial court's judgment.

## Background

Lee began temporary work as a legal secretary for Haynes & Boone beginning in June 1999. In September 1999, she began working as a permanent, full-time "floater" secretary. On May 18, 2000, Lee requested time off under the Family and Medical Leave Act due to "health and recent losses." The certification she provided to Haynes & Boone indicates she was suffering from "Exacerbation of chronic pain, Acute Anxiety/Depression." Lee's physician estimated Lee would be absent for three months. On May 25, 2000, Lee provided Haynes & Boone with a release to return to work. Lee's physician restricted her to working less than thirty hours per week.

On June 8, 2000, Lee returned to work, but informed Brenda Conner, Haynes & Boone's Manager of Staff Recruiting, and Jennifer Franklin, Haynes & Boone's Manager of Personnel Development, she would need to leave work at noon for a physician's appointment. That morning, before meeting with Lee, Conner and Franklin met and decided to inform Lee that Haynes & Boone could not continue to employ Lee unless she could work a forty-hour week because the firm did not have part-time floater secretaries. About 10:00 a.m., Conner and Franklin met with Lee. After Conner and Franklin told Lee she needed to work full-time, Lee told Conner and Franklin she would check with her doctor that afternoon and see if he would release her to work full-time. Connor agreed to let Lee speak with the doctor about working full time. Later in the day, Lee e-mailed Franklin to clarify what she needed from her doctor. In her e-mail, Lee stated "It is definitely my understand-

ing from our conversation I have to either come back to work 40 hours per week or lose my job. Does the 40 hours, if the doctor will release me for that, have to be without restriction or can it still be light duty, just 40 hours instead of less than 30?"

The next day, Lee did not return to work. She did, however, send Conner and Franklin a letter informing them that she had been to the doctor the previous day and he continued to restrict her to working "less than 30 hours per week, light duty as able." She also informed them she could not work that day because "the added stress from our meeting yesterday, threatening my job, combined with lifting the boxes I had to label, caused my back to hurt all night." She also stated that much of her absence from work was "due to sinus infections caused by the construction on the 31st floor." According to Conner, "because Lee could not return to work full time and because she was not eligible for FMLA leave, Lee's employment was administratively terminated effective Friday, June 9, 2000." Conner wrote a letter to Lee on Monday, June 12, 2000, informing Lee that she had been terminated as of June 9, 2000.

On June 12, 2000, Lee left a voice mail for Conner stating she was "still up with [my] back" and she would not be in to work. Lee told Conner she was going to make an appointment with a back specialist and she thought she had hurt her back when she was "working Thursday lifting boxes." She asked Conner to send her papers to file a workers' compensation claim. Later that evening, Lee sent Conner an e-mail informing her that she would need the paperwork for a workers' compensation claim before the specialist would

make an appointment for her. According to Conner, "[t]hese were the first indications [she] had from Lee that she had sustained an on-the-job injury or desired to pursue workers' compensation." Conner maintains she made the decision to administratively terminate Lee's employment because she could not work on a full-time basis and Haynes & Boone did not employ "floaters" on a part-time basis. On June 8, 2000 at the time Conner told Lee that she would lose her job if she did not return to work full time, Conner was unaware Lee had suffered a work-related injury or wanted to file a workers' compensation claim. On June 14, 2000, Haynes & Boone filed the appropriate forms with the Texas Workers' Compensation Commission. The Texas Workers' Compensation Commission rejected each of Lee's claims.[1]

Lee sued Haynes & Boone, alleging her employment with Haynes & Boone was terminated in retaliation for filing a workers' compensation claim in violation of Texas Labor Code section 451.001. She filed a motion for summary judgment alleging her summary judgment evidence established her retaliatory discharge claim as a matter of law. Haynes & Boone responded to Lee's motion alleging Lee was terminated because she was unable to work a forty-hour week, which is a legitimate, non-retaliatory reason. Later, Haynes & Boone filed a motion for summary judgment pursuant to both rule of civil procedure 166a(c) (traditional summary judgment) and 166a(i) (no-evidence summary judgment), alleging that as a matter of law, Lee could not establish causation. According to Haynes & Boone, the summary judgment evidence shows Haynes & Boone terminated Lee's employment for a

1. Lee's reply brief contains a copy of the June 9, 2003 Social Security Administration Decision finding Lee entitled to a "disability commencing June 8, 2000." The SSA decision was not part of the summary judgment evidence, thus we do not consider it on appeal.

legitimate, nondiscriminatory reason and Lee's summary judgment evidence fails to rebut that reason. The trial court later adopted the master's recommendation and granted Haynes & Boone's motion for summary judgment and denied Lee's motion for summary judgment. This appeal followed.

## Summary Judgment

The standard of review for a traditional summary judgment is well-established. *See* Tex.R. Civ. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in her favor. *Id.* at 548–49. To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no pet.). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833. As when analyzing

a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant. *See id.* When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

Section 451.001 of the Texas Labor Code prohibits an employer from discharging an employee for filing a workers' compensation claim in good faith. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). To prevail on a section 451.001 claim, an employee need not show she was fired solely because of filing the workers' compensation claim. Rather, she must show that "but for" the filing of the claim, the discharge would not have occurred when it did. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450–51 & n. 3 (Tex.1996); *Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833, 837 (Tex.App.-Dallas 2000, no pet.). Circumstantial evidence and reasonable inferences from that evidence can establish the connection between termination and the filing of the workers' compensation claim. *Cazarez*, 937 S.W.2d at 451. Circumstantial evidence sufficient to establish the required causal link includes: (1) knowledge of the compensation claim by the person terminating the employee; (2) expression of a negative attitude toward the employee's condition; (3) failure of the employer to adhere to established company policies; (4) discriminatory treatment of the employee compared to other similarly situated employees; and (5) evidence the reason provided for the discharge was false. *Id.*

Here, the summary judgment evidence shows that Haynes & Boone does

not have part-time floater positions because the floater secretaries fill in for regular secretaries and they need to be able to work a full schedule of hours. Therefore, Conner and Franklin informed Lee on June 8, 2000 that her employment with Haynes & Boone would be terminated if she was not able to work a forty hour week. The same day, Lee sent an email to Franklin confirming that Lee understood she would lose her job if the doctor did not release her to work forty hours a week. It was not until the next day that Lee indicated for the first time that she had been injured at work and wished to pursue a workers' compensation claim. This evidence is sufficient to show that Lee was not terminated "but for" her workers' compensation claim.

▇ In reaching this conclusion, we reject Lee's argument that the June 12th termination letter, dated the same day the she asked for papers to file her workers' compensation claim, shows that she was terminated because of the claim. Both Conner's affidavit and Lee's email acknowledging their discussion on the morning of June 8th indicate that Connor informed Lee at that time she would need to work full time to keep her job. Thus, we agree with Haynes & Boone that the June 12th letter merely documents the decision made and communicated to Lee on June 8th. Nor is Lee's affidavit sufficient to show a retaliatory motive. Lee's subjective belief regarding the reason for her discharge is a mere conclusion and is not competent summary judgment evidence. *Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313–14 (Tex.1994) (per curiam). Likewise, Lee's allegations of similarly situated employees being treated differently is insufficient to show a connection between Lee's termination and the filing of her workers' compensation claim. Lee failed to provide any specific informa-

tion regarding Haynes & Boone's treatment of Tracy Osborn, a floater secretary who Lee alleges was allowed to work part time after she was diagnosed with cancer. Haynes & Boone's summary judgment evidence, however, shows that Haynes & Boone allowed Osborn time off for surgery and chemotherapy. After her surgery Osborn intended to work full time, but was sometimes unable to do so because of her chemotherapy. When it became apparent that she would be unable to work full time, her employment was terminated. Finally, Lee did not offer evidence that anyone at Haynes & Boone expressed a negative attitude toward Lee after she had been injured or that Haynes & Boone failed to adhere to established company policy. In sum, Lee failed to offer any evidence that shows that but for the filing of her workers' compensation claim, Lee's termination would not have occurred when it did. Thus, we conclude the trial court properly granted Haynes & Boone's motion for summary judgment and denied Lee's motion for summary judgment. We overrule Lee's first and second issues.

### Prejudice

In her third issue, Lee contends that her "case was tainted by prejudice exhibited" by the trial court. Specifically, Lee complains about the trial court's failure to grant her (1) motion for summary judgment on the basis of a deemed admission, and (2) motion for continuance.

▇ With respect to the deemed admission, we have reviewed the record and disagree with Lee that Haynes & Boone admitted that "Brenda Connor terminated Lady Lee for filing a Workers' Compensation Claim." In support of this claim, Lee relies on a document entitled "Defendant's Objections to Plaintiff's Requests for Admission to Defendant." The document restates each of the requests for admission

Lee submitted to Haynes & Boone. It then contains specific objections to some, but not all, of the restated requests for admission. We cannot agree with Lee that by restating the above request for admission and then not filing a specific objection, Haynes & Boone somehow admitted that it had terminated her for filing a workers' compensation claim. Thus, we cannot agree that by denying her motion for summary judgment on this basis, the trial court expressed bias against Lee.

 Nor can we agree that the trial court's denial of Lee's motion for continuance shows she was prejudiced by the trial court's bias. We review the trial court's denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986); *Dallas Ind. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 235 (Tex.App.-Dallas 2000, pet. denied). Generally, it is not an abuse of discretion to deny a motion for continuance if a party has received the 21 days' notice required by rule 166a(c). *Carter v. MacFadyen,* 93 S.W.3d 307, 311 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). A party seeking more time to oppose a summary judgment must file an affidavit describing the evidence sought, explaining its materiality, and showing the due diligence used to obtain the evidence. TEX.R. CIV. P. 166a(g), 251, 252. The affidavit must show why the continuance is necessary; conclusory allegations are not sufficient. *Carter,* 93 S.W.3d at 311.

 Here, Lee received the 21-day notice required by rule 166a(c). In her motion for continuance, Lee stated she needed more time to receive outstanding discovery responses. She explained that the documents requested in her third request for production "are extremely relevant to the issues, and no doubt, will provide evidence essential to support [her] claims." Lee did not, however, provide

any specifics regarding what documents she anticipated. Thus, the trial court had no basis to weigh the materiality of the requested discovery or the length of continuance that would be needed. Further, Lee provided no information regarding diligence on her part in attempting to obtain the documents. Under these circumstances, we cannot conclude the trial court abused its discretion by denying Lee's motion for continuance. *See Carter,* 93 S.W.3d at 311. We overrule Lee's third issue.

Accordingly, we affirm the trial court's judgment.