OPINION HEADING PER CUR 






                     NO. 12-03-00321-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


VELMA COURTNEY,                                       §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

NIBCO, INC.,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS





OPINION
            Appellant Velma Courtney appeals from the trial court’s grant of summary judgment in favor
of Nibco, Inc. in her suit for worker’s compensation-related retaliatory discharge. In two issues,
Courtney claims her summary judgment evidence established that a causal link existed between her
compensation claim and her termination and that Nibco had no legitimate reason to terminate her. 
We affirm.

Background
            In July 1991 Courtney went to work for Nibco in its Nacogdoches manufacturing plant on
an assembly line. In 1994 and 1995 she missed seven months of work after suffering a disc
herniation. In 1997 she reported an on-the-job back injury. In 1998 she experienced pain in her right
wrist caused by lifting boxes and was limited to lifting no more than twenty pounds. In 1999 she
experienced a low back strain at work, and Nibco assigned her to lighter duties.
            Courtney was familiar with what was expected of her as a Nibco employee. She
acknowledged that on August 28, 1998, she received the company’s employee handbook, which
described the disciplinary process for avoidable sub-par performance of duties. On May 22, 2000,
Nibco assembly line employees were issued an assembly performance policy that prescribed the
following actions to be taken by supervisors for various levels of sub-par performance:
 
              10 hours avoidable sub-par performance                      Conference will be Coaching
 
              15 hours avoidable sub-par performance                      Conference will be Oral Warning
 
              20 hours avoidable sub-par performance                      Conference will be Written Warning
 
              25 hours avoidable sub-par performance                      Conference will be Final Warning
 
              30 hours avoidable sub-par performance                      Conference will be Termination

            On July 20, 2000, Courtney received a coaching session from Nibco management after
logging ten hours of avoidable sub-par performance. She then worked until October with no sub-par
performance hours. In October she logged 2.08 hours of sub-par performance. Then, in January of
2001, she logged the following hours of sub-par performance:
 
              January 18           4.94 hours
 
              January 19           2.47 hours
 
              January 20           5.25 hours
 
              January 23           3.43 hours 
 
            Courtney’s sub-par performance from October through January was avoidable. When she
exceeded 15 hours on January 18, Courtney received an oral warning. On January 19, she exceeded
20 hours and received a written warning. On January 20, she exceeded 25 hours and received a final
warning. Then, on January 23, Courtney exceeded 30 hours of sub-par performance, which made
her subject to termination. She was terminated on January 25 during a meeting with Larry Duncan
(“Duncan”), Nibco’s personnel director. 
            Courtney then filed suit for retaliatory discrimination alleging that she had been terminated
from Nibco because she had filed a worker’s compensation claim. Nibco filed a traditional motion
for summary judgment alleging that Courtney had failed to show a causal link between her worker’s
compensation claim and her termination. After Courtney filed her response, the trial court granted
Nibco’s motion. Courtney then filed a timely notice of appeal. 
 
Standard of Review
            A party moving for summary judgment has the burden to show that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law on the issues set out in the
motion. See Tex. R. Civ. P. 166a(c); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003). A defendant who conclusively negates at least one of the essential elements of the
plaintiff’s cause of action is entitled to summary judgment. Randall’s Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). 
            We review the trial court’s summary judgment de novo. Knott, 128 S.W.3d at 215. We take
the evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the
nonmovant, and resolve all doubts in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985). Because the trial court’s order does not specify the grounds for
its summary judgment, we must affirm the summary judgment if any of the theories presented to the
trial court and preserved for appellate review are meritorious. Knott, 128 S.W.3d at 216. 

Propriety of Summary Judgment
            In her first issue, Courtney contends that the trial court erred in granting a summary judgment
because her summary judgment evidence established a causal link between her worker’s
compensation claim and her termination by Nibco. In her second issue, she contends that her
summary judgment evidence established that Nibco had no legitimate reason to terminate her. 
Because Courtney alleges the same actions by Nibco in both issues, we will discuss the two issues
together. 
Retaliatory Discharge
            The long-standing rule in Texas is that employment for an indefinite term may be terminated
at will and without cause. Winters v. Houston Chronicle Publ’g Co., 795 S.W.2d 723, 723 (Tex.
1990). However, the legislature has created a number of restrictions and exceptions to this at-will
doctrine. Id. at 724 & n.1. One of these exceptions is that a person may not discharge or
discriminate against an employee who files a worker’s compensation claim in good faith. See Tex.
Lab. Code Ann. § 451.001 (Vernon 1996). 
            When an employee alleges that she was terminated in retaliation for filing a worker’s
compensation claim, she must show that (1) she filed a worker’s compensation claim in good faith
and that (2) a causal link exists between the termination and the filing of the claim. Tex. Lab. Code
Ann.§ 451.001; Benners v. Blanks Color Imaging, Inc., 133 S.W.3d 364, 369 (Tex. App.–Dallas
2004, no pet.) (citing Garcia v. Allen, 28 S.W.3d 587, 600 (Tex. App.–Corpus Christi 2000, pet.
denied)); see also Tex. Lab. Code Ann.§ 451.002(c) (Vernon 1996) (providing that employee has
burden of proof). The issues Courtney raises in this appeal relate to the second element: the causal
link.
            To establish a causal link between termination and filing a worker’s compensation claim, an
employee need not show she was fired solely because she filed the claim. Lee v. Haynes & Boone,
L.L.P., 129 S.W.3d 192, 196 (Tex. App.–Dallas 2004, pet. denied). Rather, she must show that “but
for” the filing of the claim, the discharge would not have occurred when it did. Id. Circumstantial
evidence, and the reasonable inferences from such evidence, can prove the causal link. Continental
Coffee Prods. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996). Once the employee has established the
causal link, the employer bears the burden to rebut the alleged improper termination by showing
there was a legitimate reason behind it. Id. Thereafter, in order to survive a motion for summary
judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory
motive. McIntyre v. Lockheed Corp., 970 S.W.2d 695, 697 (Tex. App.– Fort Worth 1998, no pet.). 
            Circumstantial evidence sufficient to establish a causal link between termination and filing
a worker’s compensation claim includes 1) knowledge of the compensation claim by those making
the decision on termination; 2) expression of a negative attitude toward the employee’s injured
condition; 3) failure to adhere to established company policies; 4) discriminatory treatment in
comparison to similarly situated employees; and 5) evidence that the stated reason for the discharge
was false. Cazarez, 937 S.W.2d at 451. Courtney asserts that she produced circumstantial evidence
to establish each of these five factors. Therefore, we examine Courtney’s evidence relating to each
factor.
Knowledge of Compensation Claim
            Courtney alleged that Duncan knew of her worker’s compensation claim when he discharged
her. Duncan admitted he knew of the claim at the time he terminated Courtney, but stated that the
sole reason for her termination was her thirty hours of sub-par performance. Mere knowledge of a
worker’s compensation claim does not establish a causal link between the alleged discriminatory
behavior and the filing of a claim, but is only one factor to be considered in the light of the record
as a whole. See Lone Star Steel Co. v. Hatten, 104 S.W.3d 323, 327-28 (Tex. App.–Texarkana
2003, no pet.). 
Expression of Negative Attitude 
            Courtney stated in her summary judgment evidence that “they [Nibco] had an attitude
problem. You can tell when somebody’s attitude change[s] towards you. It was like they had ill will
or they had spite in their hearts or dislike. ... It was there from day one when I started filing
workman comp claims.” However, Courtney failed to identify any actions expressing a negative
attitude that were directed toward her by any specific Nibco manager. Therefore, her statements can
only be characterized as her subjective belief. Subjective beliefs are no more than conclusions and
are not competent summary judgment evidence. Tex. Division-Tranter, Inc. v. Carrozza, 876
S.W.2d 312, 314 (Tex. 1994). 
Breach of Company Policy
            Courtney alleges that she was terminated for failing to meet a production quota for the valve
assembly line and points out the production quota for the valve assembly line was not in writing. 
However, she did not produce any summary judgment evidence to show that written production
quotas were required for employees working on the valve assembly line.
Discriminatory Treatment
            Courtney averred that she was not given the same amount of time to learn a new position as
other employees had been given, that Nibco did not consider her work restrictions in setting her
quota, and that she was terminated for failing to meet a quota although no other employee had ever
been terminated for that reason. 
            In her summary judgment evidence, Courtney described her training, but did not specify the
training that any of the other Nibco employees had received. Further, she did not specify how she
knew that other employees had been given ninety days to learn how to assemble valves. These are
conclusionary statements because she did not provide the underlying facts to support her
conclusions. See Chaney v. Corona, 103 S.W.3d 608, 611 (Tex. App.–San Antonio 2003, pet.
denied). A conclusionary statement is not sufficient to raise a fact issue in a summary judgment
proceeding. See Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). 
            The summary judgment evidence also showed that Nibco followed the restrictions on
Courtney’s work activities as prescribed by her physician Bill Mathias. Specifically, the evidence
showed that Dr. Mathias had seen Courtney on October 19, 2000 regarding a problem she was
having with her right arm. The evidence also showed that Dr. Mathias visited Courtney’s work site
and determined that her valve assembly job did not violate her work restrictions. Finally, Duncan
testified in his deposition that no other employee had ever been terminated for failing to meet a
quota. However, Courtney produced no summary judgment evidence showing that any other
employee had ever failed to meet a quota. In short, Courtney produced no summary judgment
evidence to support her allegation of discriminatory treatment. 
False Reason for Discharge
            Courtney stated in her summary judgment evidence that she had been told by Larry Burg,
who had been told by Nibco supervisor Ronnie Johnson, that the company had been unfair in
terminating her because management knew she was hurting and they had not given her time to learn
the valve assembly process. Nibco maintains that this is hearsay and is therefore improper summary
judgment evidence. 
            Hearsay is a statement other than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). 
Summary judgment evidence must be based on personal knowledge and must contain facts that
would be “admissible in evidence” at a conventional trial. See Fidelity & Casualty Co. of New York
v. Burt Brothers, Inc., 744 S.W.2d 219, 224 (Tex. App.–Houston [1st Dist.] 1987, writ denied). 
Burg’s statement to Courtney about what the Nibco supervisor allegedly said was hearsay and
therefore not competent summary judgment evidence. See id. Moreover, Burg’s statement, even
if not hearsay, does not support Courtney’s position because Burg neither stated nor implied that
Courtney had been terminated for a reason other than her sub-par performance. 

Conclusion
            Based upon our review of the summary judgment evidence, we hold that Courtney failed to
meet her burden of proof to establish a causal link between her termination and filing her worker’s
compensation claim. Therefore, Nibco was entitled to summary judgment because it negated one
of the essential elements of Courtney’s claims. Courtney’s first and second issues are overruled. 
Having overruled both of Courtney’s issues, we affirm the judgment of the trial court.
 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice



Opinion delivered November 10, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



 

 























(PUBLISH)