Affirmed and Memorandum Opinion filed October 11, 2007








Affirmed and Memorandum Opinion filed October 11, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00213-CV

____________

 

MONICA JOHNSON, Appellant

 

V.

 

MOODY INTERNATIONAL, INC., Appellee

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2005-73433

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment denying Monica
Johnson=s claims based on
retaliatory discharge for filing a workers= compensation
claim.  Moody International, Inc. terminated Monica Johnson=s employment on
the basis that she failed to comply with the attendance provision of the
employee handbook.  Johnson sued Moody contending that Moody had, in fact,
fired her in retaliation for filing a workers= compensation
claim.  The trial court granted summary judgment in favor of Moody.  Johnson
appeals the summary judgment contending that she raised fact issues as to
whether she established a causal link between her termination and her workers= compensation
claim.  We  affirm.








I.  Background

On January 17, 2005, Moody hired Johnson to work as a
recruiter at its Woodlands office.  Johnson was given an employee handbook,
which states specifically that employees are expected to work an eight-hour day
with one hour for lunch.  The handbook expressly addresses the lunch hour as
follows, AIt is expected that employees utilize the assigned
lunch hour for eating or personal purposes.  Employees are not permitted to
work through the allotted lunch hour to advance their quitting time.@  Within weeks of
beginning employment with Moody, Johnson=s immediate
supervisor, Ernest Garcia, discussed her tardiness and requested that Johnson
arrive at work at 8:00 in the morning.  Garcia explained that Johnson=s tardiness was
preventing her from meeting project deadlines.  In July, 2005, Garcia again
reprimanded Johnson for arriving late to work.  Johnson explained that during
the summer she had to rely on her mother for childcare and was unable to arrive
at work prior to 9:00 in the morning.  Garcia arranged for Moody to lend
Johnson $1,400 to pay for additional childcare during the summer break from
school.  

On August 11, 2005, Johnson fell in the break room and
injured her knees, hands, and left arm.  She reported her injury to Garcia, who
requested that Johnson complete the appropriate paperwork.  Garcia then filed a
workers= compensation
claim on her behalf.  Johnson returned to work from her injury on September 28,
2005.  Johnson continued to arrive at work well after 8:00 in the morning and
left early three days a week to attend physical therapy.  Pat McQuillan, Moody=s senior
vice-president of staffing services, held a disciplinary meeting with Johnson
during the week of October 24, 2005.  McQuillan explained that Johnson=s work hours were
unacceptable.  McQuillan wrote a note on Johnson=s time sheet
stating that he agreed to pay her for eighty hours= work, but would
not continue to do so if Johnson did not work forty hours per week.  McQuillan
asked Johnson to provide him with a schedule of hours she could work that would
total eight hours per day with one hour reserved for lunch, as specified by
Moody=s employee
handbook.  








On October 28, 2005, McQuillan sent an email to Johnson
stating, AI did not hear from you today as we agreed on the
issue of a firm work schedule.  This needs to be resolved Monday as we need a
full eight (8) hour day from you due to the demands of the position.@  Johnson
responded as follows:

With knowledge and understanding of my rights and responsibilities to
my school age children and my employer as a single parent, I have explored all
possible avenues in response to the [previous email].

* * * * *

As far as committing to consistent working hours, I can commit 9am to
5am [sic].  Committing to an 8:30am arrival would cause excessive tardiness due
to my one hour commute to and from work and excessive late fees to my sitter
arriving after 6:00 pm.

 

On November 2, 2005, McQuillan and Garcia met with Johnson
to discuss her failure to work a full eight-hour day.  Johnson refused to
comply with their requests and was terminated.  The termination letter stated
she was terminated for failing to comply with the attendance provision in the
employee handbook.  

Johnson sued Moody, contending that she was actually fired
as retaliation for filing a workers= compensation
claim.  Moody sought summary judgment on the grounds that Johnson produced no
evidence or, in the alternative, was unable to raise a fact issue showing that
(1) there was a causal link between her filing a workers= compensation
claim and her termination, (2) Moody=s proffered reason
for terminating Johnson was false, and (3) Johnson suffered a hostile work
environment because she had sought workers= compensation
benefits.  The trial court granted summary judgment without specifying the
grounds on which it relied.

II.  Standard of Review








We review a grant of summary judgment under a de novo
standard.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  When, as here, the trial court grants summary judgment without
specifying the grounds on which it bases its decision, we must affirm the
judgment if any of the grounds presented by the movant are meritorious.  FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872B73 (Tex. 2000). 
We take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).

In a traditional motion for summary judgment under Texas
Rule of Civil Procedure 166a(c), the movant has the burden of demonstrating
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). 

In a no‑evidence motion for summary judgment under
Rule 166a(i), the movant represents that there is no evidence of one or more
essential elements of the claims for which the nonmovant bears the burden of
proof at trial.  Tex. R. Civ. P.
166a(i); Green v. Lowe=s Home Ctrs., Inc., 199 S.W.3d 514,
518 (Tex. App.CHouston [1st Dist.] 2006, pet. denied). We must
sustain a no‑evidence summary judgment when (1) there is a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact, (3) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact.  Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). 

III.  Summary Judgment Analysis








Section 451.001 of the Texas Labor Code prohibits an
employer from discharging an employee for filing a workers= compensation
claim in good faith. Tex. Lab. Code Ann.
' 451.001
(Vernon 2006).  The employee has the initial burden of demonstrating a causal
link between the discharge and the filing of a workers= compensation
claim.  Benners v. Blanks Color Imaging, Inc., 133 S.W.3d 364, 369 (Tex.
App.CDallas 2004, no
pet.).  The employee need not show he was fired solely because of filing the
workers= compensation
claim, but must show that, Abut for@ the filing of the
claim, the discharge would not have occurred.  Haggar Clothing Co. v.
Hernandez, 164 S.W.3d 386, 386 (Tex. 2005).

Once the employee establishes a causal link, the employer
bears the burden to rebut the alleged improper termination by showing that a
legitimate reason exists for termination. See Cont=l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450B51 (Tex. 1996).
Thereafter, to survive a motion for summary judgment, the burden shifts back to
the employee to produce controverting evidence raising a fact issue as to a
retaliatory motive. McIntyre v. Lockheed Corp., 970 S.W.2d 695, 697
(Tex. App.CFort Worth 1998, no pet.).

An employee may establish a link between termination and
the filing of a workers= compensation claim through circumstantial
evidence or through reasonable inferences from the evidence.  Cont=l Coffee, 937 S.W.2d at
451; Lee v. Haynes & Boone, L.L.P., 129 S.W.3d 192, 196 (Tex. App.CDallas 2004, pet. denied). 
Circumstantial evidence sufficient to establish a causal link between
termination and filing a workers= compensation
claim may include (1) knowledge of the compensation claim by those making the
termination decision; (2) an expression of a negative attitude toward the
employee=s injured
condition; (3) a failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5)
evidence that the stated reason for the discharge was false.  Cont=l Coffee, 937 S.W.2d at
451.  In addition, temporal proximity between the assertion of a protected
right and termination may be evidence of a causal connection.  Fields v.
Teamsters Local Union No. 988, 23 S.W.3d 517, 529 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied).  

Here, Johnson contends she has raised fact issues as to
whether (1) the decision-makers had knowledge of her claim, (2) a negative
attitude toward her injured condition was expressed, and (3) the stated reason
for the discharge was false.  Johnson also contends that the temporal proximity
between her return to work from her work-related injury and her termination is
sufficient to create a fact issue concerning a causal link.  








A. 
Knowledge of the Workers= Compensation
Claim

It is undisputed that Moody knew about Johnson=s workers= compensation
claim.  Moody filed the claim on Johnson=s behalf. 
However, knowledge of a workers= compensation claim alone does not
establish a causal link between the alleged discriminatory behavior and the
filing of a claim sufficient to defeat summary judgment; it is merely a factor
to be considered in light of the entire record.  Green, 199 S.W.3d at 519.

B. 
Negative Attitude Toward Johnson=s Injury

Johnson contends that Garcia told her to stop physical
therapy and that she was reprimanded for taking time off at the end of the day
to attend physical therapy appointments.  Johnson asserts in her affidavit and
in her deposition that Garcia told her he wanted her to stop physical therapy
because she was needed at work.  Garcia denies that he told Johnson to stop
physical therapy, but says he counseled her on coming to work on time and
working a full day.  The summary judgment evidence shows that McQuillan
was the decision maker in Johnson=s termination. 
McQuillan received the email in which Johnson refused to submit a schedule that
would permit her to work full days, and McQuillan made the decision to
terminate Johnson.  The fact that someone who is not involved in the employment
decision of which the plaintiff complains expressed negative feelings is not
evidence that the decision had a discriminatory motivation.  Russell v.
McKinney Hosp. Venture, 235 F.3d 219, 229 (5th Cir. 2000).  As such, Garcia=s comments are not
relevant to whether the employer exhibited a negative attitude toward Johnson=s injury.  See
Wal-Mart Stores, Inc. v. Amos, 79 S.W.3d 178, 187 (Tex. App.CTexarkana 2002, no
pet.); see also McFarland v. Goodman Mfg Co., 01-03-00502-CV; 2004 WL
1277572 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (memo.
op.) (Statement made to employee by his supervisor, AFall asleep, you
get fired,@ considered stray remark and not competent summary
judgment evidence).








Johnson also contends that the note McQuillan wrote on her
time sheet referenced her absenteeism due to physical therapy appointments. 
The note on the time sheet reads, AAgreed to pay full
80 but that this will no longer be tolerated.  Need full 40 each week.@  When asked about
this note in his deposition, McQuillan stated that he did not object to Johnson=s attending
physical therapy appointments.  McQuillan stated that his main focus in
counseling Johnson was on her arrival times, not her departure times. 
McQuillan testified that the primary purpose of the time sheet was to give
accurate advice to the payroll department as to how much an employee was to be
paid.  In writing the note, McQuillan instructed the payroll department to pay
Johnson for eighty hours= work.  He testified that the note
reflected that the shortfall relating to physical therapy was accepted, but the
shortfall relating to tardiness was not accepted, and was a continual
discussion point with Johnson.  Nothing in the note written by McQuillan reflects
a negative attitude toward Johnson=s injury. 

C. 
Adherence to Company Policy

Johnson argues that she was not terminated according to the
company absence control policy, but rather in retaliation for filing a workers= compensation
claim.  Specifically, Johnson argues that Moody was satisfied with her
performance prior to her injury, but did not counsel her on tardiness or
absenteeism until after her injury.  The summary judgment proof does not
support Johnson=s assertion.

The company policy, as stated in the employee handbook, is
that employees are to work a full eight-hour day with one hour for lunch.  The
handbook specifically requires employees to use the lunch hour to eat or for
personal purposes and prohibits the use of the lunch hour to advance quitting
time.  Within weeks of beginning employment with Moody, Johnson was counseled
about tardiness and failure to work an eight-hour day.  Prior to her injury,
Garcia arranged a non-interest loan for childcare to enable Johnson to arrive
at work on time and work a full day.  Johnson produced no summary judgment
proof that Moody failed to adhere to its company policy.

 








D. 
Less Favorable Treatment than Similarly Situated Employees

Johnson does not contend that she was treated differently
than similarly situated employees.

E. 
Stated Reason for Discharge was False

Johnson contends that she raised a fact question regarding
whether Moody=s stated reason for discharge was false because (1)
she presented evidence that she was permitted to arrive at work at 9:00, (2)
her work schedule was not criticized until after her injury, and (3) it is
reasonable to infer that the note on her time sheet requesting a full
forty-hour week was a comment on her absence due to physical therapy.

Johnson=s evidence that she was permitted to
arrive at 9:00 in the morning consists of her affidavit, deposition testimony,
and signed time sheets.  In her affidavit, Johnson alleged that she had
arranged with her supervisors to arrive at work at 9:00 in the morning. 
However, in her deposition, Johnson admitted that she had no specific permission
to arrive at 9:00.  Johnson claims that by signing her time sheets reflecting a
late arrival, Garcia tacitly approved her late arrival time.  McQuillan
testified, however, that the time sheet was a method to advise the payroll
department on how much to pay an employee.  With regard to a change in standard
hours, the Moody employee handbook states, AAll personnel
shall work the normal stated hours unless other arrangements are approved by
the President in writing.@  Garcia=s signature on the
time sheets does not meet the handbook requirement of written approval by the
President.

The summary judgment proof does not support Johnson=s contention that
her work schedule was not criticized until after her injury.  The record
contains a copy of the promissory note Johnson signed in exchange for the
no-interest loan to aid with childcare.  The date on the note is prior to
Johnson=s injury.  Johnson
admitted that Garcia spoke with her in July, 2005 about her late arrival and
that Moody agreed to lend her money to help with childcare to enable her to
work  full days.  Further, nothing in the record suggests that 








the
note on Johnson=s time sheet can be inferred to mean
anything other than what the plain language reflects.  The note reflects that
Moody agreed to pay Johnson for eighty hours= work even though
she had not worked eighty hours, but that Moody would not tolerate a less than
forty-hour week in the future.  Johnson=s subjective
belief regarding the reason for her discharge is insufficient to raise a fact
issue.  See Tex. Division-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 313B14 (Tex. 1994)
(summary judgment properly granted when employee did not deny he violated
absence control rule, but subjectively thought he was terminated as
retaliation.).

Johnson contends that the timing of her termination,
approximately six weeks after her return to work from her work-related injury
creates a fact issue as to whether the stated reason for discharge is false. 
Contrary to Johnson=s assertion, the relevant time period to
be considered is the time between the protected activityBin this case, the
filing of the workers= compensation claimBand the
termination.  See Wal-Mart Stores, Inc. v. Amos, 79 S.W.3d at 178. 
Moody filed Johnson=s workers= compensation
claim on the date of her injury, August 11, 2005, or the day following her
injury.  Therefore, the relevant time period to consider is between August 11
or 12, 2005 and November 2, 2005, a period of almost three months.  








Although an injury by an employee, followed closely by
termination of that employee, is strong evidence the two events are related,
such circumstance alone is no evidence that the stated reason for the employee=s discharge was
false.  Id.  Johnson was not terminated until almost three months after
she was injured.  The record reflects that McQuillan and Garcia counseled
Johnson on her tardiness, unrelated to her injury, several times both before
and after she was injured.  After several counseling sessions regarding her
tardiness proved unsuccessful, McQuillan asked Johnson to provide a schedule
that would permit her to work forty hours per week.  Johnson refused to submit
such a schedule and maintained that she could not arrive at work prior to 9:00
in the morning.  Johnson was not terminated until after she refused to provide
McQuillan with a schedule that would permit her to work forty hours per week. 
The timing of Johnson=s termination is not evidence that the
stated reason for her discharge was false.

Conclusion

Johnson failed to raise a fact issue as to the causal link
between her workers= compensation claim and her termination. 
We affirm the judgment of the trial court.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 11, 2007.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.