**Affirm; Opinion Filed August 4, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01457-CV

**ODUS OGLESBY, Appellant**
**V.**
**RICHLAND TRACE OWNERS ASSOCIATION, INC. TEXAS A/K/A**
**RICHLAND TRACE CONDOMINIUMS, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-06925**

## MEMORANDUM OPINION
Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellee Richland Trace Owners Association, Inc. (the Association) filed a motion for summary judgment on traditional grounds against appellant Odus Oglesby. After a hearing, the trial court granted the Association's motion. Oglesby does not appeal the merits of the summary judgment. Instead, in four issues, he complains that the trial court erred by failing to grant his motion for continuance of the summary judgment hearing. We affirm the trial court's judgment.

## Background

Oglesby is the owner of condominium unit N203 in the Richland Trace Condominiums. On May 14, 2019, the Association filed suit against Oglesby, asserting claims for judicial foreclosure, breach of contract, and attorney's fees. The petition also included discovery requests, including plaintiff's first request for admissions. On August 26, 2019, Oglesby filed a pro se answer generally denying the Association's claims and asserting affirmative defenses. On October 1, 2019, the Association filed a motion for summary judgment on traditional grounds. Oglesby did not file a timely response to the Association's summary judgment motion. However, according to the Association, Oglesby provided pro se responses to the Association's discovery requests on October 23, 2019.

The Association's motion for summary judgment was set for hearing on October 29, 2019. Oglesby retained an attorney on October 28, 2019, the day before the hearing. Late that evening (10:15 p.m.), Oglesby's attorney filed a motion for continuance of the hearing scheduled for the next day. The motion urged that a continuance be granted because: (1) the Association's motion for summary judgment was filed prematurely during the discovery period; (2) the Association's motion addressed complex fact issues that required full discovery; (3) Oglesby needed additional time to seek discovery from the Association and its attorneys; (4) the discovery sought by Oglesby was material; and (5) the continuance was not sought

for delay. The trial court denied Oglesby's motion for continuance and granted the Association's motion for summary judgment. This appeal followed.

**Discussion**

Oglesby complains that the trial court erred by denying his motion for continuance. Oglesby's appeal essentially repeats the arguments made to the trial court. In four issues, he asserts that his motion for continuance should have been granted because: (1) the Association's motion for summary judgment was filed prematurely during the discovery period; (2) Oglesby was not allowed to propound discovery on the Association and its attorneys; (3) the discovery sought by Oglesby was material; and (4) the continuance was not sought for delay.

We review a trial court's decision whether to grant a party additional time for discovery before a summary judgment hearing for an abuse of discretion. *Poynor v. BMW of North America, LLC*, 441 S.W.3d 315, 326 (Tex. App.—Dallas 2013, no pet.); *Cooper v. Circle Ten Council Boy Scouts of America*, 254 S.W.3d 689, 696 (Tex. App.—Dallas 2008, no pet.) (citing *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)). In deciding whether a trial court abused its discretion by denying a motion for continuance, we examine various factors such as the length of time the case and motion for summary judgment have been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *See Joe v. Two Thirty*

*Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 687 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

In this case, the Association filed its motion for summary judgment on October 1, 2019, after the case had been on file for over four months. The hearing was set for October 29, 2019, twenty-eight days later. Generally, it is not an abuse of discretion to deny a motion for continuance if a party has received the twenty-one days' notice required by Texas Rule of Civil Procedure 166a(c). *Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex. App.—Dallas 2004, pet. denied); *see also Gibson v. Stonebriar Mall, LLC*, No. 05-17-01242-CV, 2019 WL 494068, *2 (Tex. App.—Dallas Feb. 8, 2019, no pet.) (mem. op.). Oglesby does not claim that the Association failed to give him at least twenty-one days' notice of the scheduled hearing.

A party contending that he has not had an adequate opportunity for discovery before a summary judgment hearing must file either an affidavit explaining his need for additional discovery or a verified motion for continuance. *Tenneco*, 925 S.W.2d at 647; *see* TEX. R. CIV. P. 166a(g), 251, 252. The affidavit (or verified motion for continuance) must describe the evidence sought, explain its materiality, and set forth facts showing the due diligence used to obtain the evidence prior to the hearing. *Cooper*, 254.W.3d at 696. Oglesby did not comply with the rules; he did not file an affidavit and his motion for continuance was not verified. Oglesby's unverified motion for continuance contained several paragraphs in which Oglesby identified

–4–

"complex fact issues that require full discovery." The motion stated that Oglesby needed additional time to propound discovery on those facts, and he specifically sought to depose the Association's attorneys about those facts. The motion made a conclusory statement that the discovery sought was material. And it concluded by stating that the continuance was not for delay only, but so that justice may be done. Significantly, the motion was silent with respect to any due diligence used to obtain the evidence prior to the hearing.

In his first issue, Oglesby argues that because the Association's motion for summary judgment was filed before the end of the discovery period, it was filed prematurely. In support of his argument, Oglesby cites *McClure v. Attebury*, 20 S.W.3d 722 (Tex. App.—Amarillo 1999, no pet.). However, *McClure* does not stand for the proposition for which Oglesby cites it—that a motion for summary judgment is filed prematurely if it is filed during the discovery period. Unlike the case before us, *McClure* involved both a motion for summary judgment on traditional grounds and a motion for summary judgment on no-evidence grounds. The *McClure* court generally discussed a trial court's inherent power to grant or deny a continuance and a trial court's broad discretion to set reasonable deadlines in summary judgment proceedings. *See McClure*, 20 S.W.3d at 729. However, in analyzing whether the non-movant had adequate time for discovery, the court addressed only the no-evidence motion. *Id.* ("Whether a non-movant has had adequate time for discovery for purposes of Rule 166a(i) is "case specific."); *see* TEX. R. CIV. P. 166a(i) ("After

adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim."). The court noted that the suit had been on file for seven months. In concluding the trial court did not abuse its discretion by denying McClure's motion for continuance, the court of appeals noted, among other factors, that McClure had not initiated any discovery after the motion for summary judgment had been filed. *McClure*, 20 S.W.3d at 730.

In this case, the Association filed its motion for summary judgment on traditional grounds only. Time restrictions applicable to a party filing a no-evidence motion for summary judgment do not apply to a party filing a traditional motion for summary judgment. *See Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 463, 466 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (if traditional motion, discovery deadline has no impact on court's decision to grant summary judgment). With respect to traditional motions, Rule 166a(a) states that a party seeking to recover on a claim may move for summary judgment "at any time after the adverse party has appeared or answered." *See* TEX. R. CIV. P. 166a(a). The Association filed its motion for summary judgment on traditional grounds after Oglesby filed his answer in the case, *see id.*, and Oglesby received the twenty-one days' notice required by rule 166a(c). Thus, the Association did not file its motion for summary judgment prematurely and the trial court did not abuse its discretion by denying Oglesby's

motion for continuance on that basis. *See Lee*, 129 S.W.3d at 198. We overrule Oglesby's first issue.

Oglesby's second, third, and fourth issues suggest additional reasons why the trial court's denial of his continuance was error. We consider these issues together.

As noted above, Oglesby did not follow the rules of procedure for seeking such a continuance. *See* TEX. R. CIV. P. 166a(g), 251, 252; *see also Driskell v. Concrete Raising Corp.*, No. 14-19-00117-CV, 2021 WL 1184400, at *4 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (mem. op.). Oglesby did not—in his unverified motion for continuance, by affidavit, or at the hearing conducted by the trial court—explain the materiality of the discovery sought and how it was anticipated to impact the elements at issue; set forth the length of time needed to conduct such discovery; state or show that due diligence was exercised to procure discovery from the Association during the four months the case had been on file; or explain or demonstrate how such diligent efforts to obtain discovery failed. *See* TEX. R. CIV. P. 252; *Joe*, 145 S.W.3d at 161–62; *Driskell*, 2021 WL 1184400, at *4. In general, a litigant is not entitled to a continuance if he fails to diligently use the rules of civil procedure for discovery purposes prior to filing a motion for continuance. *See D.R. Horton–Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.) (citing *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988)).

Finally, Oglesby did not provide an explanation to the trial court, and does not explain to this Court, why justice requires such a continuance. Instead, he merely presents a variation of his argument that the Association should not have been allowed to file a motion for summary judgment until the discovery period had expired. Rule 166a provides no basis for his argument. *See* TEX. R. CIV. P. 166a(a).

On this record, we conclude Oglesby has not demonstrated that there has been inadequate time to conduct discovery, that he exercised due diligence to obtain the discovery sought, or that the trial court abused its discretion in denying the motion for continuance. *Joe*, 145 S.W.3d at 161. We overrule Oglesby's second, third, and fourth issues.

## Conclusion

Having decided all of Oglesby's issues against him, we affirm the trial court's judgment.

191457f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ODUS OGLESBY, Appellant

No. 05-19-01457-CV       V.

RICHLAND TRACE OWNERS
ASSOCIATION, INC. TEXAS
A/K/A RICHLAND TRACE
CONDOMINIUMS, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-06925.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RICHLAND TRACE OWNERS ASSOCIATION, INC. TEXAS A/K/A RICHLAND TRACE CONDOMINIUMS recover its costs of this appeal from appellant ODUS OGLESBY.

Judgment entered this 4th day of August, 2021.